P & O FALCO, INC, et al *v.* Mary S. RILEY

80-116                                          610 S.W. 2d 255
Supreme Court of Arkansas
Opinion delivered December 22, 1980
[(Rehearing denied February 9, 1981.]

*Smith, Stroud, McClerkin, Dunn & Nutter; Mahoney & Yocum; Woodward & Kinard, Ltd.; Arnold, Arnold, Lavender & Rochelle; Keith, Clegg & Eckert; David B. Stein; Nolan, Alderson & Vickery; McKay, Chandler & Choate; J. W. Brown; Joseph V. Svoboda;* and *Crumpler, O'Connor & Wynne,* for appellants.

*Spencer, Spencer & Shepherd,* by: *J. V. Spencer, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. In 1977 the appellee brought this class action against a number of producing oil companies to obtain a determination of whether the tax credit allowed against the severance tax by Act 258 of 1957 is for the benefit of the oil producer only or is also for the proportionate benefit of the royalty owner. Ark. Stat. Ann. §§ 53-131 through -137 (Repl. 1971). After the filing of many interventions and other pleadings the case was submitted to the trial court by agreement for final determination upon motions for summary judgment. This appeal is from a decree finding that the owners of royalty and of overriding royalty are entitled to share proportionately in the benefit of the statute. The Court of Appeals certified the case to us for decision.

We do not consider Act 258 to be an amendment to the severance tax statutes, but those statutes must be considered as the setting for Act 258. The severance tax is levied as a privilege or license tax upon the severance of natural resources from the soil or water in Arkansas. With respect to oil the tax rate is 4% or 5% of the market value of the oil, depending upon the volume of production. Ark. Stat. Ann. §§ 84-2101 and -2102 (e) (Repl. 1980). The monthly tax reports are to be filed, and the tax paid, by the producer actually severing the oil from the soil, but the producer is required to

deduct a proportionate part of the tax in making payment to the royalty owner. § 84-2105. Thus the owner of a one-eighth royalty interest bears his one-eighth of the tax burden.

Act 258 of 1957 provides a 75% credit against the severance tax as a bonus, an incentive, a reward, for the discovery of each new oil pool in Arkansas. The credit continues for a period of 5 or 10 years, depending upon the comparative depth of the new pool. The question is whether that bonus is only for the benefit of the producer, often called the "working interest," or is to be extended to the royalty interest.

We are compelled to disagree with the chancellor's conclusion, because our study of Act 258 convinces us that the bonus was intended only for the benefit of the producer. In fact, the entire act contains no mention of the royalty owner or any similar interest. To the contrary, every pertinent section of the act is applicable only to a producer, not to a royalty owner.

First, the title of the act states that it is to promote and encourage exploration for oil. The first section declares the legislative policy to be that of "stimulating the flow of money into the search and exploration for new sources of oil." It is a matter of common knowledge that in the oil industry it is the producer, not the royalty owner, who incurs the entire financial risk in the exploration of unproven territory. The completion of a dry hole is wholly at the producer's expense.

Second, the "owner" is defined as the person who has the right to drill and produce oil. "Person," in turn, includes a natural person, corporation, partnership, and about every other entity. Section 2; § 53-131. Of course, it is the producer or working interest that has, under standard forms of oil leases, the exclusive right to drill and to produce oil.

Third, section 3 provides that any person who discovers a new commercial oil pool shall be entitled to the bonus "upon compliance with the provisions" of the act. § 53-132. The producer alone can bring in a discovery well and comply with the provisions of the act.

Fourth, under section 4, to become entitled to the benefits of the act a person must apply to the Oil and Gas Commission for a permit to drill the discovery well. § 53-133. Presumably such applications must be made by the working interest, not by the royalty interest.

Fifth, section 6 provides that upon receipt by the Commission within one year of evidence that a new pool has been discovered "by such person" in the drilling of the discovery well, the Commission shall issue to such person a certificate entitling that person to the benefits of the act. § 53-135. Only a producer could possibly qualify as the person in question.

Sixth, by section 7 the person receiving the certificate shall be entitled to receive from the Revenue Commissioner a credit against the taxes "otherwise due by such person" on account of oil produced from the pool from wells as to which such person was the owner. § 53-136. "Owner" is defined by section 2 as the person having the right to drill and produce oil. That person is the producer.

Act 258 is complete in itself; it is not an amendment to the severance tax statutes. Act 258 has a single purpose, the stimulation of the flow of money into the search for new sources of oil in Arkansas. To that end a tax credit is provided for certain persons. The only person entitled to such a credit is a person who as the "owner" of an area applies to the Oil and Gas Commission for a drilling permit, completes the drilling, discovers a new pool, and is certified by the Commission as having discovered a pool. At that time the holder of the certificate becomes entitled to a credit against the taxes thereafter otherwise due by that person on account of oil from the new pool from wells on land as to which the person was the owner. We find no indication in the act of a legislative intent to benefit anyone except the holder of the certificate of discovery. In so holding we express no opinion about whether the credit should be computed only with respect to that part of the tax actually borne by the producer, that question not being before us.

Reversed and dismissed.

Holt, Purtle and Stroud, JJ., not participating. Special Justice W. K. Grubbs joins in the opinion. Special Justice James B. Blair dissents.